Deaderiok, J.,
delivered the opinion of the court.
On the 17th of November, 1859, A. Street made his promissory note for $30,000, payable on the first day of January, 1863, to the order of J. C. Dougherty, at the Branch of the Bank of Tennessee at Memphis. *393 Dougherty endorsed the note as first endorser, and R. C. Brinkley as second endorser, and at maturity Louis Selby was the holder of it, whose executor is Thomas H. Gilroy, the present plaintiff in error.
On the 5th of June, 1862, Brinkley abandoned his home in Memphis, which was about that time occupied by the Federal forces; and his family, within a week or two thereafter, followed him to Mississippi, where he resided or remained until January, 1864.
When the note fell due, it was presented for payment at the bank, the effects of which had previously been removed south, and no one was there of whom demand for payment could be made. Brinkley and Street also were south, and within the Confederate lines, and Dougherty was in New York. The note was protested, and a notary public certifies that on the 3d of January, 1863, he directed a written notice of protest to J. C. Dougherty, under cover of one for R. C. Brinkley, and left the same at his residence; also one to Dougherty at Memphis was deposited in the post office.
On the day of the execution of the note Street executed a deed of trust to Moses J. Wicks, trustee, for city property shown to be of much greater value at that time than the amount of the note. The deed of trust was made to secure. Brinkley and Dougherty as the accommodation endorsers of Street; or, as the deed recites, the conveyance was made for the purpose of protecting and saving said endorsers harmless from the payment of said note and a $4,000 note they had endorsed, or any part thereof. The deed provided for *394 t,he sale of the property within twenty days after the maturity of said notes if they were not paid, for cash, without the right of redemption.
In 1867, Selby brought suit upon the note against Brinkley alone, as endorser, alleging that demand of payment had been made, and that the note had not been paid, and that thereupon the note had been protested, and notice of the protest duly given to Brinkley.
The defendant filed several pleas, one of them denying any notice of the dishonor of the note.
The plaintiff joined issue upon all the pleas. He averred that the note had been legally protested, and that the defendant had been legally notified of the protest, etc.
Brinkley, being examined as a witness, stated that he removed from Memphis in June, 1862, and had no residence there until January, 1864. It is also shown by the testimony of Selby, who directed the notary to leave the notices at Brinkleyis late residence, and accompanied him part of the way on his mission for that purpose, that it was known to him that the defendant was not in Memphis, and had not been there for some considerable time before the note fell due, but was south within the Confederate lines.
The cause, by agreement, was submitted, without the intervention of a jury, to the determination of the Judge of the Second Circuit Court of Shelby County, who gave judgment in favor of the defendant, from which judgment the plaintiff has appealed in error to this court.
*395 The first question presented is upon the sufficiency of the notice of protest.
The notary certifies that he left the notice, on the third of January, 1863, at the residence of Brinkley. The proof shows that Brinkley was not then residing in Memphis, but had left his residence there about seven months before the note matured, and was in Mississippi with his family, and that these facts were known to Selby.
The notice left at the dwelling house of a party is sufficient if left under circumstances from which it may reasonably be inferred that it will reach him; but in this case Brinkley had abandoned, or removed from, Memphis seven months before the note was protested, and was at the time within the Confederate lines; so that' it was not only impracticable, but also unlawful, at that time, to transmit a notice of protest to him.
For these reasons, the holder was excused from giving notice at the time of the protest; but he should have done so within a reasonable time after the removal of the obstructions existing at the time of the protest. The leaving of a notice at the late residence of Brinkley was not sufficient to charge him, and the failure to give notice within a reasonable time after the removal of the impediments to it existing at the time of the protest, discharged him from liability as endorser, unless the taking of the security provided in the deed of trust charged him.
Whether this was or was not sufficient for this purpose, it is unnecessary for us to determine, as Ave *396 are of opinion that the question is not raised by the pleadings. In order that the plaintiff should be able to charge defendant on the ground of the waiver of notice by taking security, the declaration should have averred the facts constituting the waiver; or, at least, these facts should have been replied to the defendant’s plea of want of notice.
But, as we have seen, the declaration avers demand, protest, and notice, and the plea expressly denies notice; and upon this issue, and others not affecting this question, the cause was tried.
In 1 Chitty’s PL, 329, it is said: “ When notice is required it ought to appear that it was given at the. proper time and to the proper person; but where no notice whatever has been given, the absconding of the party, or other circumstance in excuse of notice, should be stated.
In 1 Saund. on PI. and Ev., 473, it is said: “ In an action against the drawer of a bill of exchange, when the defendant has dispensed with presentment, it is necessary to state it in the declaration: it cannot be given in evidence under an allegation that actual presentment or notice of dishonor was given.”
“ In an action against the acceptor of a bill, or maker of a note, it is not necessary to aver that he had notice of dishonor; but in an action against the drawer or endorser, this averment, or a sufficient legal excuse for not giving the notice, must be stated; and an omission of such notice is bad, even after verdict.” lb.. 474.
*397 “ Where the necessary notice has not been given, and there is sufficient legal excuse for such an omission, . such excuse must be averred; therefore where the defendant told the endorser beforehand not to send such notice, and that he would pay the amount, this is not evidence to support an averment of notice, but should have been pleaded as a dispensation of it.” Ib., 476.
In the case of Harwood v. Jarvis, 5 Sneed, 379, the excuse for want of notice of protest was, that the drawer and acceptor of the bill of- exchange were partners. This court said that the declaration averred no such excuse, which averment was necessary to notify the party, that he might prepare his defense.
We are of opinion that the judgment of the circuit court was correct, and affirm it.